912

Stephen **POTOCNI**, Plaintiff,

v.

**ASCO MINING COMPANY, Inc., a corpo-ration, Defendant.**

Civ. A. No. 60-215.

United States District Court
W. D. Pennsylvania.

July 1, 1960.

Edward O. Spotts, Pittsburgh, Pa., for plaintiff.

Kim Darragh, Meyer, Darragh, Buckler & Bebenek, Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, Chief Judge.

In this diversity action stemming from a motor vehicle collision, defendant has filed motion to dismiss the complaint for the reason that the principal place of business of defendant, Asco Mining Company, Inc., within the meaning of the Judicial Code, 28 U.S.C.A. § 1332, as amended effective July 25, 1958, is within the State of Pennsylvania. The plaintiff is a citizen of Pennsylvania.

It is not in dispute that defendant was incorporated under the laws of the State of New York in 1958, for the purpose of mining and marketing coal in Pennsylvania; that since its incorporation all of its operations with respect to the mining and marketing of coal have been done and have taken place in Pennsylvania where it has an office at Hillards, Butler County, Pennsylvania.

Further, it is not disputed that defendant is the coal producing arm of the C. L. Amos Coal Company in Pennsylvania. The coal mined by the Asco Mining Company in Pennsylvania is sold exclusively to the C. L. Amos Coal Company at its tipple in Butler County, Pennsylvania.

Plaintiff relies upon the proposition that diversity exists since defendant maintains an office in Syracuse, New York where payments are consummated and all records maintained, and that Syracuse, New York constitutes defendant's principal place of business.

I do not agree.

I am in accord with the view expressed by my associate, Judge Joseph P. Willson, that the state wherein a corporation carries on its chief operations is

the principal place of business of that corporation, Kelly v. United States Steel Corporation, Ca17251, filed February 17, 1960, officially unreported. I therefore conclude that defendant corporation has its principal place of business in Pennsylvania and the jurisdictional prerequisite of diversity is wanting.

I am likewise cognizant that a line of decisions of the United States Courts hold that the office wherein the supreme control over the corporate affairs is exercised is the principal place of business of the corporation, see cases cited under 11 U.S.C.A. § 11. I shall therefore certify that an immediate appeal from my order dismissing this action against Asco Mining Company, Inc., defendant, may materially advance the ultimate termination of this litigation.

An appropriate order is entered.